UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED VIDEO TECHNOLOGIES LLC, : | |
| : | Civil Action No. |
| Plaintiff, : | |
| v.                              : | District Judge |
| : | Magistrate Judge |
| NIKON CORPORATION and           : | |
| NIKON INC.,                     : | |
| : | |
| Defendants.   : | |
| x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Advanced Video Technologies LLC, for its complaint, hereby alleges as follows:

**PARTIES**

1. Advanced Video Technologies LLC ("AVT"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Road, Suffern, New York 10901-3740.

2. Defendant Nikon Corporation ("Nikon Corp.") is a foreign corporation with a principal place of business at Shinagawa Intercity Tower C, 2-15-3, Konan, Minato-ku, Tokyo 108-6290, Japan.

3. Defendant Nikon Inc. is a domestic corporation organized and existing pursuant to the laws of the State of New York with a principal place of business at 1300 Walt Whitman Road, Melville, New York 11747-3064.

4. Defendants Nikon Corp. and Nikon Inc. are collectively referred to hereinafter as "Nikon."

5. Defendant Nikon engages in the design, manufacture, importation to the United States, offer for sale, sale after importation, and marketing of digital cameras that record and playback photographs and video.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a) because this action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

8. Personal jurisdiction over Nikon exists because Nikon has contributed and/or committed the acts of patent infringement alleged in this Complaint in this forum and has minimum contacts with this forum by way of at least the sale or importation of the Coolpix S6300 and/or other products in this district either directly or through distributors or retailers, or by placing their products within the stream of commerce, which is directed at this forum.

## BACKGROUND

9. United States Patent No. 5,781,788 ("the '788 Patent"), entitled "Full Duplex Single Chip Video Codec," was duly and lawfully issued on July 14, 1998, based upon an application filed by the inventors, Beng-Yu Woo, Xiaoming Li, and Vivian Hsiun. A copy of the '788 Patent is attached as Exhibit A.

10. The United States Patent and Trademark Office ("PTO") issued a Reexamination Certificate on January 8, 2008 for the '788 Patent. A copy of the Reexamination Certificate is attached as Exhibit B.

11. On May 1, 2015, AVT applied to the Court of Chancery of the State of Delaware for the appointment of Receiver for AVC Technology, Inc. ("AVC") in order to complete the transfer of ownership of the '788 Patent to AVT. A copy of the petition is attached as Exhibit C.

12. On May 13, 2015, the Court of Chancery of the State of Delaware granted AVT's petition appointing a Receiver for the dissolved company, AVC. The Receiver was "for the sole purpose of transferring any ownership interest that AVC may have in U.S. Patent No. 5,781,788 ('the 788 Patent')." A copy of the court's Order is attached as Exhibit D.

13. On June 5, 2015, the Receiver executed an Assignment that transferred all rights, title and interests, including the right to collect past damages, in the '788 Patent from AVC to AVT. A copy of the assignment is attached as Exhibit E.

## CLAIM FOR RELIEF
### Infringement of United States Patent No. 5,781,788

14. All of the foregoing allegations are restated and incorporated by reference as though fully set forth herein.

15. AVT is the assignee and the owner, which holds all rights, title, and interest in and to the '788 Patent, and has the right to sue and recover damages for past infringement thereof.

16. Nikon is and has been engaged in the marketing and sale of digital cameras that record and playback video in the United States generally and in the Southern District of New York.

17. Nikon's Coolpix S6300 and other Nikon products have the ability to capture video and contain a single chip video codec that compresses and decompresses video information.

18. Specifically, Nikon has imported, sold, and offered for sale digital cameras, including but not limited to the Coolpix S6300, which have the ability to capture video and which contain a single chip video codec that compresses and decompresses video information.

19. Nikon is in violation of 35 U.S.C. § 271(a) and has infringed literally or under the doctrine of equivalents at least claim 13 of the '788 Patent directly by at least importing, selling, and offering to sell the above-referenced Coolpix S6300 and at least other Nikon Coolpix cameras to the general public and retailers, including but not limited to Best Buy and Amazon.com.  AVT is entitled to damages for the six years prior to the filing date of this lawsuit, except for the number of days between the date the '788 Patent expired and the filing date of this lawsuit.

20. Nikon is in violation of 35 U.S.C. §§ 271(b), (c) and has infringed indirectly at least claim 13 of the '788 Patent by knowingly and specifically intending to induce and/or contribute to infringement by others (*e.g.*, including but not limited to end users and retailers such as Best Buy and Amazon.com) by the sale of at least the above-referenced Coolpix cameras to others.  The acts of inducement include, for example, advertisement and instructions to use the above-referenced Coolpix cameras to record and/or playback video.

21. Nikon's acts of infringement of the '788 Patent occurred with knowledge of the '788 Patent and are willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

22. AVT has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, AVT requests that the Court find in its favor and against Nikon, and demands judgment as follows:

A.  An order adjudging Nikon to have infringed the '788 Patent;

B.  An award of damages adequate to compensate AVT for the infringement by Nikon along with prejudgment and post-judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

C.  A declaration that this is an exceptional case and an award of AVT's reasonable attorney fees and expenses pursuant to the provisions of 35 U.S.C. § 285;

D.  An award of AVT's costs; and

E.  Such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), AVT hereby demands a jury trial on all issues so triable raised in this action.

Respectfully submitted,

Dated:  July 16, 2015

/s/ *Robert W. Morris*
Robert W. Morris (RWM 2268)
rwmorris@eckertseamans.com
Thomas M. Smith (TMS 9962)
tsmith@eckertseamans.com
**Eckert Seamans Cherin & Mellott, LLC**
10 Bank Street
White Plains, New York 10606
Phone: 914-949-2909
Fax: 914-949-5424

*Attorneys for Plaintiff*
*Advanced Video Technologies LLC*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)**

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, plaintiff Advanced Video Technologies LLC is not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.  However, the patent at issue in this case was the subject matter in the following:

- *Advanced Video Technologies LLC v. Pure Digital Technology, Inc.*, Civil Action No. 1:08-cv-03627 (S.D.N.Y. filed April 16, 2008) — Settled and dismissed
- *Advanced Video Technologies LLC v. Thomson Inc.*, Civil Action No. 1:09-cv-03527 (S.D.N.Y. filed April 7, 2009) — Settled and dismissed
- *Advanced Video Technologies LLC v. Audiovox Corporation, Audiovox Electronics Corporation*, Civil Action No. 1:09-cv-04516 (S.D.N.Y. filed May 17, 2009) — Settled and dismissed
- *Advanced Video Technologies LLC v. Casio America Inc., Casio Computer Co., LTD,* Civil Action No. 2:09-cv-05220 (D.N.J. filed October 13, 2009) — Settled and dismissed
- *Advanced Video Technologies LLC v. Aiptek, Inc. USA et al.,* Civil Action No. 1:10-cv-09013 (S.D.N.Y. filed December 2, 2010) — Settled and dismissed
- *Advanced Video Technologies LLC v. HTC Corporation et al.,* Civil Action No. 1:11-cv-6604 (S.D.N.Y. filed September 22, 2011) — Dismissed
- *Advanced Video Technologies LLC v. Motorola Mobility LLC,* Civil Action No. 1:12-cv-00918 (S.D.N.Y. filed January 6, 2012) — Dismissed
- *Advanced Video Technologies LLC v. Research in Motion Ltd. et al.,* Civil Action No. 1:11-cv-8908 (S.D.N.Y. filed December 6, 2011) — Dismissed
- *Advanced Video Technologies LLC v. HTC Corporation et al.,* Civil Action No. 1:15-cv-4626 (S.D.N.Y. filed June 15, 2015) — Filed
- *Advanced Video Technologies LLC v. Motorola Mobility LLC,* Civil Action No. 1:15-cv-4632 (S.D.N.Y. filed June 15, 2015) — Filed

- *Advanced Video Technologies LLC v. Blackberry Ltd. et. al.,* Civil Action No. 1:15-cv-4631 (S.D.N.Y. filed June 15, 2015) — Filed
- *Advanced Video Technologies LLC v. Lenovo et. al.,* Civil Action No. 1:15-cv-5212 (S.D.N.Y. filed July 7, 2015) — Filed

Dated:   July 16,  2015           /s/ *Robert W. Morris*
                                             Robert W. Morris (RWM 2268)
rwmorris@eckertseamans.com
Thomas M. Smith (TMS 9962)
tsmith@eckertseamans.com
**Eckert Seamans Cherin & Mellott, LLC**
10 Bank Street
White Plains, New York 10606
Phone: 914-949-2909
Fax: 914-949-5424

*Attorneys for Plaintiff*
*Advanced Video Technologies LLC*